1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

MARIO ALBERTO OJEDA,

12

Petitioner,

13

v.

14

15

PEOPLE OF THE STATE OF CALIFORNIA,

16

17

Respondent.

Case No. 2:23-cv-10927-MCS-JC

ORDER ACCEPTING FINDINGS,
CONCLUSIONS, AND
RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE

18

19        Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' submissions in

20   connection with Respondent's Motion to Dismiss ("Motion"), along with all of the

21   records herein, including the Petition for Writ of Habeas Corpus by a Person in State

22   Custody ("Petition"), the documents lodged in support of the Motion ("Lodged

23   Doc(s)."), the November 29, 2024 Report and Recommendation of United States

24   Magistrate Judge ("Report and Recommendation" or "R&R"), and Petitioner's

25   Objections to the Report and Recommendation ("Objections"). The Court has further

26   made a *de novo* determination of those portions of the Report and Recommendation to

27   which objection is made.

28

The Magistrate Judge recommends that the Motion be granted and the Petition and this action be dismissed on the grounds that (1) the Court lacks jurisdiction because Petitioner was not "in custody" when he filed the Petition, and (2) the Petition violates the one-year statute of limitations applicable under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Petitioner's Objections dispute the Magistrate Judge's conclusions as to both of these grounds for dismissal.  (See Objections at 2-5).

First, regarding the Magistrate Judge's finding that Petitioner was not "in custody" when he filed the Petition on July 21, 2023, Petitioner states vaguely that "to his knowledge, this is not accurate," and asserts that he "was still on parole" at that time. (Objections at 2; see R&R at 4-5).  Although it is true that parole would satisfy the "in custody" requirement of 28 U.S.C. § 2254, see Jones v. Cunningham, 371 U.S. 236, 240-43 (1963), Petitioner still fails to offer any facts to support that he was indeed still on parole on July 21, 2023.  In particular, he fails to dispute the records lodged by Respondent, which reflect that Petitioner's PRCS (postrelease community supervision) was ordered terminated with respect to the conviction at issue (Case No. 19F-07952) as of June 29, 2023.  (See Lodged Docs. 11-14).  Instead, as before, Petitioner contends, "[i]n any event," that he was in custody when he filed his *state* habeas petitions. (Objections at 2).  As the Magistrate Judge pointed out (see R&R at 5), that does not suffice.  See, e.g., Pajand v. California, 2013 WL 6512947, at *1 (C.D. Cal. Dec. 12, 2013) (court lacked jurisdiction because petitioner was not in custody when he filed his *federal* habeas petition, regardless of whether he was still on parole when he filed his state habeas petition (citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010) (emphasis in original))).

Second, Petitioner disputes the Magistrate Judge's determination that there was no showing of fundamental unfairness here that could overcome this jurisdictional bar, even assuming it could be overcome by such showing.  (Objections at 2-3; see R&R at 5-6).

2

Petitioner contends that he has demonstrated fundamental unfairness based on multiple instances of constitutionally ineffective assistance of trial counsel.  (Objections at 2-3).  Regardless of the merits of Petitioner's claims, however, it remains that there is no basis for this Court to exercise jurisdiction over the Petition where Petitioner was not "in custody" when he filed it.

Third, Petitioner contends that the Petition qualifies for an exception to AEDPA's statute of limitations based on Martinez v. Ryan, 566 U.S. 1 (2012).  (Objections at 3-4).  Martinez held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's *procedural default* of a claim of ineffective assistance at trial."  Martinez 566 U.S. at 9 (emphasis added).  As the Magistrate Judge already pointed out (see R&R at 9), the Martinez holding is inapposite here, where the issue is the timeliness of the Petition rather than procedural default.  See Shinn v. Ramirez, 596 U.S. 366, 387 (2022) ("Martinez foreclosed any extension of its holding beyond the 'narrow exception' to procedural default at issue in that case."); Moody v. Lumpkin, 70 F.4th 884, 892 (5th Cir. 2023) ("Martinez established a narrow, equitable exception to procedural default; it has no applicability to the statutory limitations period prescribed by AEDPA.").

Fourth, Petitioner argues that equitable tolling is warranted here because his trial counsel did not give him his case file until April 2022 and then failed to respond to Petitioner's May 2022 request for additional case documents.  (Objections at 4-5 & n.3).  For equitable tolling, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Magistrate Judge concluded that Petitioner failed to show either that he was diligent in seeking the missing documents and pursuing his rights, or that the lack of such documents amounted to an "extraordinary circumstance."  (See R&R at 10-11).  Petitioner's Objections attempt to

3

dispute these determinations, to no avail.  Petitioner asserts, for example, that he needed his case documents "because he had no specific recollection of the exact constitutional violations, the evidence and citations from the case file to make a good showing" (Objections at 4 n.3), but he still fails to explain this or point to any particular document that he needed to present any particular claim in the Petition.  See, e.g., Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (where petitioner could not point to specific instance where he needed particular document to prepare federal habeas petition and could not procure that document when needed, claim of external impediment was insufficient to justify equitable tolling).  Petitioner also contends that his diligence in seeking his missing documents is evident "if you follow his timeline and version of events." (Objections at 4 n.3).  Yet, the Magistrate Judge reviewed that alleged timeline and correctly found, nonetheless, that Petitioner had failed to explain why, having been released from prison in September 2021, he made no attempt to obtain his case file until after February 26, 2022.  (R&R at 11).  Petitioner's Objections offer nothing on that point.

Fifth, Petitioner asserts that he is "actually innocent" and "has presented reliable evidence casting doubt on his conviction which permits this Court to consider his claims." (Objections at 4 n.3).  As the Magistrate Judge noted (see R&R at 12), a claim of actual innocence cannot overcome the timeliness bar unless it is supported by new, reliable evidence, which is absent here.  See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  In addition, Petitioner suggests that the Court should consider his claims because the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") remanded the Petition to this Court and would not have done so if the claims were untimely.  (See Objections at 4 n.3).  However, the Ninth Circuit transferred the Petition to this Court only because it had been erroneously filed in the Ninth Circuit along with an application for authorization to file a second or successive Section 2254 habeas petition, which the Ninth Circuit determined was unnecessary, as Petitioner had not

previously filed a Section 2254 petition challenging the state judgment at issue.  (See Docket No. 1 at 1-6; Docket No. 3).  In doing so, the Ninth Circuit made it clear that it "express[ed] no opinion as to the merits of [Petitioner's] claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied."  (Docket No. 3 at 1).

Petitioner thus fails to undermine the Magistrate Judge's conclusions in any respect.  Accordingly, the Court overrules the Objections and agrees with, approves, and accepts the Report and Recommendation.

THE COURT HEREBY ORDERS:  (1) Respondent's Motion to Dismiss the Petition is granted and the Petition and this action are dismissed; and (2) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

IT IS SO ORDERED.

DATED:  February 4, 2025

_____
HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

5